UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER LEO ALAN MUSCHIANA, | Case No. 11-12438 |
| Plaintiff, | Julian Abele Cook |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 11)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On June 6, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Julian Abele Cook, Jr. referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance and supplemental security income benefits. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt.10, 11).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on August 27, 2008, alleging that he

became unable to work on July 26, 1993. (Dkt. 5-5, Pg ID 157-166). The claim was initially disapproved by the Commissioner on November 18, 2008. (Dkt. 5-4, Pg ID 85-88). Plaintiff requested a hearing and on March 1, 2010, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Peter N. Dowd, who considered the case *de novo*. In a decision dated March 19, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 5-2, Pg ID 27-41). Plaintiff requested a review of this decision on March 10, 2010. (Dkt. 5-2, Pg ID 25). The ALJ's decision became the final decision of the Commissioner on April 1, 2011, when the Appeals Council denied plaintiff's request for review. (Dkt. 5-2, Pg ID 18-20); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that the plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

II.   FACTUAL BACKGROUND

   A.   ALJ Findings

Plaintiff was 47 years of age at the time of the most recent administrative hearing. (Dkt. 5-2, Pg ID 53-54). Plaintiff's relevant work history included approximately 7 years as a cook/chef and an over the road/long haul truck driver. (Dkt. 5-2, Pg ID 33). In denying plaintiff's claims, defendant Commissioner

considered a back and neck injury, depression, and stress as possible bases of disability. (Dkt. 5-6, Pg ID 185).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since July 26, 1993. (Dkt. 5-2, Pg ID 32). At step two, the ALJ found that plaintiff's degenerative disc disease of the lumbar spine was "severe" within the meaning of the second sequential step. (Dkt. 5-2, Pg ID 33). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 5-2, Pg ID 37). At step four, the ALJ found that plaintiff could not perform his previous work as a cook and a truck driver. (Dkt. 5-2, Pg ID 39). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 5-2, Pg ID 40).

B. Plaintiff's Claims of Error

The vocational expert agreed with the plaintiff's attorney that if plaintiff, as he so testified, would have to lay down or nap due to pain that the unskilled light work category would not apply. The VE further agreed that if plaintiff lacked concentration for more than 20 percent of the day, as he testified, that he would not be able to perform work in the unskilled light work category. Lastly, the VE agreed that the unskilled light work would not be a fit for plaintiff if, due to pain

or mental disability, he would have to miss more than two absences from work. (Tr. 58-60). According to plaintiff, the ALJ did not consider the VE's testimony that work being precluded by the above restrictions. Nor did the ALJ provide the VE with a hypothetical that accurately contained the limitations as testified to by plaintiff. As such, plaintiff asserts that the hypothetical questions were flawed, the VE's testimony was inaccurate, and the ALJ's reliance on the testimony was improper.

      C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner urges the Court to reject plaintiff's sole argument in that the ALJ erred in relying on testimony from a vocational expert given in response to a hypothetical question that did not adequately account for his subjective complaints. However, as explained in Jones v. Commissioner of Social Security, 336 F.3d 469, 476 (6th Cir. 2003), "an ALJ is not required to accept a clamant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." Here, according to the Commissioner, the ALJ reasonably concluded that plaintiff's allegations of debilitating limitations were not fully credible and substantial evidence supports the ALJ's finding that plaintiff was not disabled.

The Commissioner points out that, as an initial matter, although plaintiff frames the argument in terms of what jobs the VE testified that he could perform,

the issue is best viewed as whether the ALJ properly assessed plaintiff's subjective complaints in determining his severe impairments and his residual functional capacity. However, the only evidence plaintiff cites in his brief to support his argument is his own hearing testimony and the testimony of the VE concerning what jobs could be performed if plaintiff's testimony was fully credited. The Commissioner contends that the ALJ assessed plaintiff's claimed limitations in finding his severe impairments and in determining plaintiff's RFC (Tr. 20-22), and, the testimony from the VE relied on by the ALJ was made in response to a hypothetical question that mirrored the ALJ's RFC finding, which accounted for plaintiff's severe impairments. The hypothetical question posed to the VE need only include those limitations that are supported by the record. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994). Because substantial evidence supports the ALJ's finding regarding plaintiff's severe impairments and the RFC finding, the ALJ was also entitled to rely on the VE's testimony. Regardless of how plaintiff's argument is framed, according to the Commissioner, the ALJ reasonably discounted, plaintiff's claimed limitations due to his physical and mental conditions.

**III.   DISCUSSION**

    A.   <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

Plaintiff's brief is comprised of citing his own testimony and then baldly arguing that the ALJ erred by failing to fully credit his testimony. However, plaintiff fails to point to any record evidence to support his claims of error and makes simply a bare assertion of error. While the undersigned has thoroughly

reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the claim that the ALJ erred in assessing his credibility and therefore, was not entitled to rely on the VE's testimony, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). Indeed, plaintiff falls well short of proffering sufficient evidence to disturb the ALJ's credibility determinations, which are entitled to considerable deference. *See Cruze v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (stating that an "an ALJ's credibility determinations about the claimant are to be given great weight").  In the instant case, the ALJ enumerated numerous factors leading to the determination that plaintiff's statements concerning the severity of impairment were not fully credible.  For these reasons, and because a review of the ALJ's decision and the administrative records reveals that the ALJ's decision is well-supported by substantial evidence, plaintiff's claims of error should be rejected.

## IV.   RECOMMENDATION

For the reasons set forth below, the undersigned **RECOMMENDS** that the plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 20, 2012                s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on August 20, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Lynn Marie Dodge, AUSA, and the Commissioner of Social Security.

                                     s/Darlene Chubb
                                     Judicial Assistant
                                     (810) 341-7850
                                     darlene_chubb@mied.uscourts.gov